# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

EDW. C. LEVY COMPANY, INC.,     )
                                        )

         Plaintiff,          )
                                        )

         v.               )     CAUSE NO.: 2:05-CV-349-PPS
                                          )

INTERNATIONAL UNION OF OPERATING    )
ENGINEERS, LOCAL 150, AFL-CIO,     )
                                        )

         Defendant.     )

## OPINION AND ORDER

This matter is before the Court on a Motion to Quash Subpoena Duces Tecum [DE 48], filed by Securcorp on February 21, 2006.  On March 8, 2006, Defendant International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150") filed a Response Brief.  Securcorp did not file a Reply.  On May 17, 2006, the Court held a telephonic hearing on the motion.

## BACKGROUND

This case involves a breach of contract dispute in which Plaintiff Edw. C. Levy Company, Inc. ("ECL") claims that Local 150 violated the parties' collective bargaining agreement by initiating a strike and/or work stoppage in violation of the agreement.  On September 9, 2005, ECL filed a Complaint seeking damages resulting from Local 150's alleged breach of the collective bargaining agreement pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, as amended ("LMRA").

On January 25, 2006, the Defendant issued a subpoena *duces tecum* to Securcorp, a non-party to this litigation which has provided security and other services to ECL, Levy Indiana Slag

Company ("LISCO") and The Levy Company ("TLC") during Local 150's strikes at these companies. Through its subpoena to Securcorp, Local 150 seeks to discover the following:

1. All documents relating to the retention of Securcorp by Levy, ECL or LISCO.

2. All documents relating to advertisements for employees for Levy, ECL or LISCO.

3. All documents relating to interviews of employees for Levy, ECL or LISCO.

4. All documents related to the hiring of employees for Levy, ECL or LISCO.

5. All correspondence, invoices and contracts between Securcorp and Levy, ECL or LISCO.

6. All employment documents relating to employees hired to work for or on behalf of Levy, ECL or LISCO.

7. All documents showing the last mailing address of Norman Foster, his social security number, telephone number and any other persons involved in the preparation of Incident Report no. D-97, attached.

8. Any and all Incident Reports completed in connection with services provided to Levy, ECL or LISCO.

9. Any and all videotapes produced in connection with services furnished to Levy, ECL or LISCO.

10. The names and addresses of all Securcorp employees or subcontractors who furnished services to Levy, ECL or LISCO.

Local 150's subpoena was returnable on February 26, 2006 at 5:00 p.m.

On February 14, 2006, counsel for Securcorp telephoned defense counsel in an apparent attempt to resolve the instant dispute but was unsuccessful. Securcorp subsequently filed its Motion to Quash Subpoena Duces Tecum on February 21, 2006, claiming that it has been advised that many of the documents requested by Local 150 have already been produced to Local 150 by ECL and that requiring Securcorp to copy such documents is unreasonable and an undue burden.

Securcorp further asserts that the documents not already produced by ECL are "not discoverable under the Federal Rules." Specifically, Securcorp asserts that:

> Items 1 and 5 on Defendant's list to the extent not already produced are not discoverable. Items 2, 3, 4, and 6 are not within the possession or knowledge of Movant. Items(sic) 7 includes an individual's social security number which is not discoverable absent a showing of relevance. Items 8-10 have been addressed above and have been produced by Plaintiff.

Mtn to Quash, p. 2.

In response, Local 150 argues that Securcorp's motion should be denied as it is untimely and does not comply with Local Rule 37.1. Local 150 further asserts that Securcorp is not entitled to an order stating that it has no possession or knowledge of documents, that Securcorp has not demonstrated that it was burdened by the subpoena, and that Securcorp's claim that the Plaintiff has produced the requested documents is not a defense to production.

During the May 17, 2006 Hearing on Securcorp's motion to quash, the Court directed counsel for Local 150 to provide the Court with a list of discovery information and/or documents at issue previously furnished to Local 150 by ECL. The Court received this information from Local 150 via facsimile on May 19, 2006.

## DISCUSSION

### 1. Timeliness

Local 150 first alleges that Securcorp's filing of its motion to quash on February 21, 2006, 27 days after service of the subpoena, is untimely and should be denied on that basis. As support for its argument, Local 150 cites to Federal Rule of Civil Procedure 45(c)(2)(B), which prescribes a maximum deadline of fourteen days after service of a subpoena within which a party commanded to produce and permit inspection and copying of documents may serve its written objection to such

inspection and copying. However, Federal Rule of Civil Procedure 45(c)(3)(A)(iv) provides that "*on timely motion*, the court by which a subpoena was issued shall quash or modify the subpoena if it subjects a person to undue burden." (emphasis added). Although some courts have combined Rules 45(c)(2)(B) and (c)(3)(A) and imposed the fourteen-day deadline for objections on the "timely motion" requirement for motions to quash, this Court finds it unnecessary. The plain language of Rule 45 provides for different time periods for serving an objection (fourteen days maximum) and for filing a motion to quash ("timely motion" standard). The Court finds that Securcorp's motion to quash was timely filed.

*2. Local Rule 37.1*

Local 150 also argues that Securcorp's motion to quash is procedurally deficient because it did not in good faith confer or attempt to confer with Local 150 "in an effort to resolve the matter without court action" and because it did not attach a certification to its motion to quash as required by Local Rule 37.1.

Local Rule 37.1(b) provides that:

> With respect to every other motion concerning discovery, the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party in an effort to resolve the matter without court action. The certification shall also state the date, time, and place of the conference or attempted conference and the names of all persons participating therein.

Securcorp did not attach a certification to its motion to quash; however, counsel for Securcorp did telephone defense counsel in an apparent attempt to resolve the instant dispute. The Court finds that although Securcorp has not complied with Local Rule 37.1, it has complied with the spirit of the rule and will be afforded some leniency as a nonparty. The Court will therefore address the merits of Securcorp's motion to quash.

*3. Motion to Quash*

Having reviewed the briefing and heard oral argument, the Court now grants in part and denies in part Securcorp's Motion to Quash Subpoena Duces Tecum. The motion is granted with respect to documents already in possession of Local 150,[1] subject to the limitations enumerated below. The motion is denied with respect to all remaining requested documents in Request Nos. 1 through 10 of the Securcorp subpoena, subject to the following limitations:

1.  The Court construes Request No. 3 to mean documents relating to interviews of those persons actually hired to work at ECL, LISCO or TLC, not applicants not hired to work at these companies.

2.  Regarding Local 150's concern that the "Applications" previously provided are documents executed after each individual was hired, the Court construes the documents requested in the Securcorp subpoena to include all applications completed by persons hired to work at ECL, LISCO or TLC, including those applications that Securcorp had individuals initially complete.

3.  The names of employees shall be disclosed but home addresses, social security numbers, copies of drivers licenses and W-4s shall not be disclosed. However, if there are identical employee names, the last four digits of these particular employees' social security numbers shall be provided.

4.  To the extent that documents responsive to the Securcorp subpoena have previously been produced to Local 150 by ECL but with employee names or other non-protected

---

[1] On May 19, 2006, Local 150 provided to the Court via facsimile a "List of Documents" which contains a listing of the documents ECL previously provided to Local 150. With regard to the Securcorp subpoena, Local 150 states that it is currently in possession of the following documents: Incident reports from Securcorp (93, 408-564, 609-642, 18087-18274), Agreement between ECL and Securcorp (9468-9478), Agreement between LISCO and Securcorp (7427-7437), Securcorp Invoices for ECL for 2006 (16380-16391), Levy Co. Wire Transfers and Securcorp Invoices (5522-5631), Videotapes (1-88, 13915-13974), Photos (182, 183-192, 256-270, 372-392).

information redacted, Securcorp shall produce these documents with employee names to Local 150 and otherwise in accordance with this Order.

5.    Regarding Request No. 7, Securcorp is not to disclose the home mailing address, home phone number or social security number of Norman Foster but shall disclose, if known, his business address and business phone number.  Securcorp shall also disclose, if known, the names, business addresses and business phone numbers of any other persons involved in the preparation of Incident Report no. D-97.

6.    The Court construes Request Nos. 8 and 9 to mean services provided by Securcorp.

7.    Local 150's use of the discovery information provided by Securcorp is strictly limited to uses directly related to this litigation or appeal and shall not be otherwise disseminated or used.

## CONCLUSION

Based on the foregoing, the Court **GRANTS in part** and **DENIES in part** the Motion to Quash Subpoena Duces Tecum [DE 48].  The Court **ORDERS** that Securcorp produce the documents subpoenaed by Local 150 in accordance with this Order.  The Court further **ORDERS** that each party is responsible for its own costs and fees associated with the motion.

SO ORDERED this 1st day of June, 2006.

s/ Paul R. Cherry_____
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATE DISTRICT COURT

cc:    All counsel of record

6